UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00179-MR

| FREDRICK L. CANADY, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU HANSLEY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1], and Plaintiff's motion to proceed in forma pauperis [Doc. 2].

**I.    BACKGROUND**

Pro se Plaintiff Fredrick L. Canady ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On December 8, 2022, he filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming Defendants violated his Fourteenth Amendment rights by "sexually harassment." [Doc. 1 at 3]. Plaintiff names FNU Hansley, identified as an Officer at Alexander; FNU Huneycutt, identified as the Warden at Alexander; Kenneth D. Poteat, identified as a Unit Manager at Alexander; and Joshua T. Quinn, identified

as an "Assistance Unit Manager" at Alexander, as Defendants in this matter in their official capacities only. [Id. at 1-2]. Briefly, Plaintiff alleges that he was subject to verbal sexual harassment by Defendant Hansley on two recent occasions. [Id. at 4]. For relief, Plaintiff seeks $1 million, attorney's fees and costs, and "prays that this court grant this claim under imminent danger of serious physical injury [under] 28 U.S.C. § 1915(g)." [Doc. 1 at 5].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020). Plaintiff asks the Court to grant him the "imminent danger" exception, but he provides no basis for its
2

application.  [See Doc. 1 at 5].

Plaintiff has filed at least ten (10) prior civil actions in this District that were dismissed under §§ 1915(e)(2), 1915A(b)(1), and/or 1915(g).[1]  See Canady v. Parson, 3:12-cv-00042-RJC; Canady v. Johnson, 3:12-cv-00209-RJC; Canady v. Rorie, 3:12-cv-00419-RJC; Canady v. Williams, 3:13-cv-00028-RJC; Canady v. Beaver, 3:13-cv-00080-RJC; Canady v. Harris, 3:13-cv-00235-RJC; Canady v. Buswell, 3:13-cv-00250-RJC; Canady v. Davis, 3:13-cv-00302-RJC; Canady v. Russell, 3:14-cv-00151-FDW; Canady v. Huneycutt, 5:22-cv-00082-MR.

Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. The Court, therefore, will dismiss Plaintiff's Complaint.[2]

**Plaintiff is strongly cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling**

---

[1] Plaintiff has also filed two prior actions in this District that were dismissed for Plaintiff's failure to exhaust administrative remedies. See Canady v. Keller, 3:10-cv-00643-RJC; Canady v. Parsons, 3:12-cv-00683-RJC.

[2] The Court notes that, even if Plaintiff's action were not barred under § 1915(g), Plaintiff has failed to state a claim for relief in any event.  The conduct he complains of is not redressable under 42 U.S.C. § 1983.  See Wilson v. United States, 332 F.R.D. 505, 520 (S.D. W.Va. Aug. 19, 2019) (collecting case on proposition that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, are not actionable under § 1983).

**injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.**

## III. CONCLUSION

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and Plaintiff's motion to proceed in forma pauperis will be denied. Accordingly, the Court will vacate the Clerk's Order for Prisoner Trust Account Statement [Doc. 5] as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's payment of the full filing fee pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED** and the Clerk's Order for Prisoner Trust Account Statement [Doc. 5] and Order Waiving Initial Partial Filing Fee and Directing Monthly Payments [Doc. 10] are **VACATED.**

The Clerk's Financial Department is instructed to reimburse Plaintiff for any payments made toward the filing fee in this matter.

The Clerk is further instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge